IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35689-2008

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

RICHARD T. YEOMAN,

      Defendant-Appellant.

Boise, June 2010 Term

2010 Opinion No. 88

Filed: July 26, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County.  The Hon. Lansing L. Haynes, District Judge.

The judgment of the district court is <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.  Eric Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Kenneth Jorgensen argued.

_____

EISMANN, Chief Justice.

This is an appeal from a judgment of conviction for failing to register as a sex offender. Appellant contends that he was not required to register upon moving into this State or, if he was, the registration requirement violated his constitutional right to travel.  We affirm the judgment of the district court.

## I.  FACTS AND PROCEDURAL HISTORY

In 1984, Richard T. Yeoman (Defendant) was convicted of rape in Washington and was required to register in that State as a sex offender.  In 2007, he moved to Idaho, but did not register as required by Idaho Code § 18-8304(1)(c).  On February 22, 2008, the State charged him with the crime of failing to register as a sex offender, a felony.  After the district court

denied Defendant's motion to dismiss, he pled guilty, reserving his right to appeal the applicability and constitutionality of the statute.

## II.  ISSUES ON APPEAL

1.  Does Idaho Code § 18-8304(1)(c) apply to persons whose conviction for a sex crime occurred before July 1, 1993?

2.  Does Idaho Code § 18-8304(1)(c) violate Defendant's constitutional right to travel?

## III.  ANALYSIS

**A.  Does Idaho Code § 18-8304(1)(c) Apply to Persons Whose Conviction for a Sex Crime Occurred before July 1, 1993?**

In 1998, Idaho enacted the "Sexual Offender Registration Notification and Community Right-to-Know Act," Idaho Code §§ 18-8301 to 18-8326.  Ch. 411, § 2, 1998 Idaho Sess. Laws 1275, 1276-90.  When adopted, the Act applied to three categories of sex offenders, including any person convicted in Idaho on or after July 1, 1993, of any of the crimes listed in Idaho Code § 18-8304(1)(a).  Those crimes consisted of a list of crimes designated by code section and an attempt, solicitation, or conspiracy to commit any of those crimes.

In 2005, the legislature added another category of sex offender who was required to register under the Act.  Ch. 233, § 1, 2005 Idaho Sess. Laws 710, 711.  Section 18-8304 was amended to apply to any person who was convicted of a crime that was substantially equivalent to the crimes set forth in subsection (1)(a) and who was required to register as a sex offender in another jurisdiction when the person entered Idaho to establish permanent or temporary residence.  Idaho Code § 18-8304(1)(c).  Defendant pled guilty to violating this subsection of the statute.  He contends that it should be read as applying only to convictions that occurred on or after July 1, 1993.

Idaho Code § 18-8304(1)(c) applies to any person who:

> Has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States, including tribal courts and military courts, that is substantially equivalent to the offenses listed in subsection (1)(a) of this section and was required to register as a sex offender in any other state or jurisdiction when he established permanent or temporary residency in Idaho.

2

This provision only applies if the conviction was "substantially equivalent to the offenses listed in subsection (1)(a) of this section." That subsection applies to any person who:

> On or after July 1, 1993, is convicted of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in section 18-909 (assault with attempt to commit rape, infamous crime against nature, or lewd and lascivious conduct with a minor, but excluding mayhem, murder or robbery), 18-911 (battery with attempt to commit rape, infamous crime against nature, or lewd and lascivious conduct with a minor, but excluding mayhem, murder or robbery), 18-919 (sexual exploitation by a medical care provider), 18-1505B (sexual abuse and exploitation of a vulnerable adult), 18-1506 (sexual abuse of a child under sixteen years of age), 18-1506A (ritualized abuse of a child), 18-1507 (sexual exploitation of a child), 18-1507A (possession of sexually exploitative material for other than a commercial purpose), 18-1508 (lewd conduct with a minor child), 18-1508A (sexual battery of a minor child sixteen or seventeen years of age), 18-1509A (enticing a child over the internet), 18-4003(d) (murder committed in perpetration of rape), 18-4116 (indecent exposure, but excluding a misdemeanor conviction), 18-4502 (first degree kidnapping committed for the purpose of rape, committing the infamous crime against nature or for committing any lewd and lascivious act upon any child under the age of sixteen, or for purposes of sexual gratification or arousal), 18-4503 (second degree kidnapping where the victim is an unrelated minor child), 18-5609 (inducing person under eighteen years of age into prostitution), 18-6101 (rape, but excluding 18-6101(1) where the defendant is eighteen years of age or where the defendant is exempted under subsection (4) of this section), 18-6108 (male rape, but excluding 18-6108(1) where the defendant is eighteen years of age or where the defendant is exempted under subsection (4) of this section), 18-6110 (sexual contact with a prisoner), 18-6602 (incest), 18-6605 (crime against nature), 18-6608 (forcible sexual penetration by use of a foreign object), upon a second or subsequent conviction under 18-6609 (video voyeurism) or 18-8602(1), Idaho Code, (sex trafficking).

One of the crimes listed in subsection (1)(a) is rape in violation of Idaho Code § 18-6101. Defendant does not contend that the definition of the crime of rape for which he was convicted in Washington in 1984 was not substantially equivalent to rape as defined in Idaho Code § 18-6101. Rather, he argues that the words "[o]n or after July 1, 1993," should be read as part of the definition of "the offenses listed in subsection (1)(a) of this section" so that subsection (1)(c) would only apply if the conviction of a substantially equivalent offense occurred on or after July 1, 1993. Because his conviction occurred before that date, he contends that the statute does not apply to him.

The interpretation of a statute "must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed

as a whole.  If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 813, 135 P.3d 756, 759 (2006) (citations omitted).

When construing Idaho Code § 18-8304 as a whole, subsection (1)(c) is not limited to crimes for which the person was convicted on or after July 1, 1993.  Subsection (1)(c) incorporates by reference "the *offenses* listed in subsection (1)(a) of this section."  (Emphasis added.)  Subsection (1)(a) applies to any person who "[o]n or after July 1, 1993, is *convicted* of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in section . . . 18-6101 (rape, but excluding 18-6101(1) . . .) . . . ."  (Emphasis added.)  Subsection (1)(c) does not incorporate by reference the *convictions* listed in subsection (1)(a); it incorporates by reference the *offenses* listed.  The offenses are listed by reference to their respective code sections.  The date of conviction for one of those offenses is not part of the definition of the crime as set forth in the code section.  The date a person was convicted of a crime does not become part of the definition of the offense for which he or she was convicted.  Therefore, subsection (1)(c) applies to Defendant.

**B.  Does Idaho Code § 18-8304(1)(c) Violate Defendant's Constitutional Right to Travel?**

Defendant contends that Idaho Code § 18-8304(1)(c) violates his constitutional right to travel.  In *Saenz v. Roe*, 526 U.S. 489, 500 (1999), the United States Supreme Court wrote:

> The "right to travel" discussed in our cases embraces at least three different components.  It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

Defendant asserts that the statute violates the third aspect of his right to travel, which is "the right of the newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same State."  *Id*. at 502.  This aspect of the right to travel is based upon the Privileges or Immunities Clause of the Fourteenth Amendment.  *Id.* at 503.  Thus, the Supreme Court has held that the right to travel can be violated when a new resident of a state is denied rights or benefits available to longer-term residents.  *See*, *Attorney General of New York v. Soto-Lopez*, 476 U.S. 898 (1986) (civil service employment preference given to certain veterans if

4

they were residents of the state when they entered the military, but not if they became residents later); *Zobel v. Williams*, 457 U.S. 55 (1982) (amount of payments from oil revenues based upon length of residency); *Memorial Hospital v. Maricopa County*, 415 U.S. 250 (1974) (one-year residency requirement to receive nonemergency medical care at county expense); *Dunn v. Blumstein*, 405 U.S. 330 (1972) (one-year state residency and three-month county residency required to vote); and *Shapiro v. Thompson*, 394 U.S. 618 (1969) (one-year residency requirement to receive welfare benefits). Defendant has not identified any privilege or immunity enjoyed by other citizens of Idaho that he has been denied. Likewise, he does not contend that he is being treated differently because he is a new or temporary resident of Idaho.

Rather, Defendant contends that an Idaho resident would not be required to register as a sex offender based upon a conviction for rape in Idaho that occurred prior to July 1, 1993, but he was required to register as a sex offender upon moving to Idaho based upon his rape conviction in Washington that occurred prior to July 1, 1993. Thus, he argues that "the statute in question clearly treats an in-state sex offender differently than it would a similarly situated out-of-state sex offender" and that such difference in treatment violates his right to travel and the Equal Protection Clause of the Fourteenth Amendment.

Defendant's claim that he is treated differently from a similarly situated Idaho sex offender is faulty. He was not required to register in Idaho as a sex offender simply because he had a prior conviction for the crime of rape when he moved here.[1] He was required to register because, in addition to the rape conviction, he "was required to register as a sex offender in [Washington] when he established permanent or temporary residency in Idaho." Idaho Code § 18-8304(1)(c). Had he not been required to register in Washington, he would not have been required to register once he moved here.

Because he was required to register while residing in Washington, it is difficult to see how the requirement that he register in this State in any way infringed upon his right to travel to

---

[1] When Idaho Code § 18-8304 was enacted, it treated persons entering the state with sex offense convictions predating July 1, 1993, differently from residents with sex offense convictions predating that date. Subsection (1)(b) of the original statute required a sex offender, who had been convicted of a crime in another jurisdiction that was substantially equivalent to a crime listed in subsection (1)(a), to register if he or she "[e]nters the state on or after July 1, 1993." Ch. 411, § 2, 1998 Idaho Sess. Laws 1275, 1278. An Idaho resident convicted prior to July 1, 1993, of a crime listed in subsection (1)(a) would not have been required to register if he or she had remained in Idaho. In 2005, subsection (1)(b) of the statute was amended to eliminate that difference in treatment. Ch. 233, § 1, 2005 Idaho Sess. Laws 710, 711.

or become a resident of this State. "[M]oving from one jurisdiction to another entails many registration requirements required by law which may cause some inconvenience, but which do not unduly infringe upon anyone's right to travel." *United States v. Shenandoah*, 595 F.3d 151, 162-63 (3d Cir. 2010).

Nevertheless, even assuming that the registration requirement of Idaho Code § 18-8304(1)(c) has the effect of imposing a penalty on Defendant's right to change his residence to Idaho, it will be upheld if it is shown necessary to promote a compelling state interest. *Saenz v. Roe*, 526 U.S. 489, 499 (1999). "The state has a strong interest in preventing future sexual offenses and alerting local law enforcement and citizens to the whereabouts of those that could reoffend." *Doe v. Moore*, 410 F.3d 1337, 1348-49 (11th Cir. 2005). This is "a compelling and strong interest" that "outweighs any burden imposed." *Shenandoah*, 595 F.3d at 163. The requirement that Defendant register as a sex offender upon relocating to Idaho did not violate his right to travel.

Defendant also contends on appeal that the registration requirement denied him the equal protection of the law. As stated above, he has not pointed to any similarly situated category of sex offenders who are not required to register.

## IV. CONCLUSION

We affirm the judgment of the district court.


Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.