**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37175**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 71** |
| Plaintiff-Appellant, | ) | |
| | ) | **Filed: November 3, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| PHILLIP DAVID HELMUTH, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order dismissing charge of failure to register as a sex offender, <u>reversed</u>, and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for appellant.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for respondent.

_____

LANSING, Chief Judge

Phillip David Helmuth was charged with failing to register as a sex offender on an allegation that he did not timely notify the Ada County Sheriff of his change of address in violation of Idaho statutes requiring the registration of sex offenders. On Helmuth's motion, the district court dismissed the charge based on a conclusion that Helmuth was not required to register by terms of the Idaho statutes. The State appeals from the order of dismissal.

**I.**

**BACKGROUND**

In May 1992, Helmuth was convicted of two counts of the felony crime of sexual battery in the state of Ohio. He was sentenced to eighteen months of imprisonment on those charges, and he apparently completed service of that sentence in mid-August 1993. So far as revealed by the record here, he did not have any duty to register as a sex offender in the state of Ohio.

1

Helmuth moved to Idaho in 1999, and initially registered as a sex offender in August 2000 because, he asserts, a law enforcement official told him that he was required to register. In July 2009, Helmuth was charged in Ada County with failure to register as a sex offender under Idaho's Sexual Offender Registration Act, I.C. § 18-8301, *et seq.*, because he did not provide written notice to the sheriff of a new address within two days after changing his residence. Helmuth moved to dismiss the charge, asserting that none of the provisions of the Act applied to him, and the district court granted his motion. The State appeals, contending that the district court misinterpreted the provisions of I.C. § 18-8304(d).

## II.

## ANALYSIS

Idaho Code § 18-8304 requires that persons who have been convicted of certain sex offenses register their addresses with the sheriff of their county of residence. Portions of the statute that are pertinent to this appeal state:

> (1) The provisions of this chapter shall apply to any person who:
> (a) On or after July 1, 1993, is convicted of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in [listing various Idaho statutes defining sex crimes].
> (b) On or after July 1, 1993, has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States, including tribal courts and military courts, that is substantially equivalent to the offenses listed in subsection (1)(a) of this section and enters the state to establish permanent or temporary residence.
> (c) Has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States, including tribal courts and military courts, that is substantially equivalent to the offenses listed in subsection (1)(a) of this section and was required to register as a sex offender in any other state or jurisdiction when he established permanent or temporary residency in Idaho.
> (d) Pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.

At issue here is whether Helmuth was subject to the registration requirements as the result of his 1992 conviction and imprisonment in Ohio.

The State does not contend that I.C. § 18-8304(1)(c) requires that Helmuth register in Idaho, but asserts that subsection (1)(d) applied to him because on or after July 1, 1993, he was

2

incarcerated in an Ohio penal facility for a covered sex offense. For purposes of his motion to dismiss, Helmuth stipulated that his Ohio offenses were substantially equivalent to the offenses listed in I.C. § 18-8304(1)(a), but argued that subsection (1)(d) applies only to persons who were incarcerated or under probation or parole supervision in Idaho. He reasoned that because subsections (b) and (c) expressly reference out-of-state convictions while subsection (d) does not, the legislature intended subsection (d) to apply only to those incarcerated for the Idaho crimes listed in subsection (a).

The district court found Helmuth's argument persuasive. In addition to relying on this distinction between the legislative language used in subsection (d) and that in subsections (b) and (c), the district court also relied on the definition of "incarceration" in I.C. § 18-8303(7), which states that "incarceration" means "committed to the custody of the *Idaho department of correction or department of juvenile corrections*, but excluding cases where the court has retained jurisdiction." (Emphasis added.) That definition, when applied to I.C. § 18-8304(1)(d), the district court reasoned, limited the application of I.C. § 18-8304(1)(d) to Idaho offenders. The State argues on appeal that the district court erred in this interpretation of the statute and that subsection (1)(d) applies to those who were incarcerated in other jurisdictions on or after July 1, 1993, for sex offenses described in subsection 1(b).

The interpretation of a statute "must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *State v. Yeoman*, 149 Idaho 505, 507, 236 P.3d 1265, 1267 (2010). When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is also incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

We cannot agree with the district court's conclusion that subsection (1)(d) applies only to persons who were incarcerated in Idaho, for it encompasses all persons incarcerated on or after July 1, 1993, for "a crime covered in this chapter," that is, in Chapter 83, Title 18 of the Idaho Code. The crimes described in subsections (1)(a) and (1)(b) plainly are covered in that chapter.

3

Section 18-8304(1)(a) identifies Idaho crimes that may make an individual subject to registration, but limits the registration requirement to persons who committed those offenses on or after July 1, 1993. Subsection (b) then brings into the category of offenses giving rise to a registration requirement those post-June 1993 convictions in other jurisdictions for crimes that are substantially equivalent to the Idaho offenses listed in subsection (1)(a). While subsections (a) and (b) limit the registration requirement to people convicted on or after July 1, 1993, subsections (c) and (d) eliminate that temporal element in certain circumstances. That is, subsection (c) requires registration for conviction of a substantially equivalent offense in another jurisdiction at anytime if the individual was subject to a registration requirement in another jurisdiction when the individual moved to Idaho, and subsection (d) extends the registration requirement to persons who were adjudicated guilty of a covered crime before July 1, 1993, but remained incarcerated or subject to supervision on or after that date. The reference in subsection (d) to a "crime covered in this chapter" thus encompasses crimes in other jurisdictions because those crimes are within the covered crimes identified in subsections (b) and (c).

The district court concluded, however, that the definition of "incarceration" in I.C. § 18-8303(7) demonstrated a legislative intent that I.C. § 18-8304 would apply only to Idaho offenses. The court reasoned:

> Idaho Code section 18-8303(7) defines incarceration as being "committed to the custody of the *Idaho* department of correction or department of juvenile corrections, but excluding cases where the court has retained jurisdiction." (emphasis added) This definition is further evidence that subsection (1)(d) can be read as clearly and unambiguously applying only to in-state convictions. The legislature chose to use the word "incarcerated," a form of incarceration, in subsection (1)(d) and then defined incarceration in the same chapter to mean being in the custody of the Idaho department of corrections. This is additional evidence that the legislature intended for subsection (1)(d) to apply to only Idaho convictions.

Although we acknowledge that the statutory definition of "incarceration" adds complexity to the interpretation of I.C. § 18-8304(1)(d), we disagree with the district court's analysis. Applying the definition of "incarceration" from I.C. § 18-8303(7) to the word "incarcerated" in I.C. § 18-8304(1)(d), is contrary to the clear legislative intent expressed in subsection (1)(d) and would have the effect of nullifying a part of that subsection. By the language in subsection (1)(d) the legislature plainly included all offenses covered by the chapter, not just the offenses covered by subsection (1)(a). If the I.C. § 18-8303(7) definition of "incarceration" is applied, it would cut

4

from the operation of subsection (1)(d) an entire class of out-of-state offenses that the legislature otherwise included. Moreover, it would also cut out many Idaho offenders who would otherwise be subject to subsection (1)(d). This is because the I.C. § 18-8303(7) definition limits "incarceration" to those in the custody of the Idaho Department of Correction or Department of Juvenile Corrections. Applying the definition to subsection (1)(d) would nullify the language in that subsection which refers to persons "incarcerated in a county jail facility." We thus conclude that the legislature could not have intended the definition of "incarceration" found in I.C. § 18-8303(7) to apply to the word "incarcerated" found in I.C. § 18-8304(1)(d).

For the foregoing reasons, we hold that the district court erred in determining that I.C. § 18-8304(d) did not apply to Helmuth's circumstance and that he had no duty to register as a sex offender under Idaho law. The district court's order dismissing the charge against Helmuth is reversed and the case remanded for further proceedings.

Judge GRATTON and Judge MELANSON **CONCUR.**