Docket No. 37234

| RICHARD LEO OPPELT, | ) | 2010 Unpublished Opinion No. 704 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 12, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying petition to cease requirement to register as a sex offender, affirmed.

Joseph T. Horras of Smith, Horras Law Office, P.A., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and SCHWARTZMAN, Judge Pro Tem

---

PER CURIAM

Richard Leo Oppelt appeals from an order denying Oppelt's petition for an order to cease the requirement that he register as a sex offender under Idaho's Sexual Offender Notification and Community Right to Know Act. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 1988, Oppelt was convicted in Oklahoma of lewd molestation of his daughter who was under the age of sixteen. He was sentenced to ten years in prison. All but 120 days of the sentence was suspended, and Oppelt was placed on probation for nine years and eight months. Oppelt successfully completed probation in 1998. Oppelt was never required to register as a sex offender in Oklahoma. In 2000, Oppelt moved to Idaho for the purpose of establishing

1

permanent residency. On advice of registry personnel, Oppelt registered as a sex offender under Idaho's Sexual Offender Notification and Community Right to Know Act, I.C. §§ 18-8301 to 18-8331 (Registration Act), and has since been compliant with the registry requirements.

In 2009, Oppelt filed a petition requesting a determination of whether he was required to continue to register under the Registration Act. The district court found that Oppelt was not exempt from registering as a sex offender in Idaho. Oppelt appeals.

## II.

## ANALYSIS

### A.      Registration Act

Oppelt argues that he is exempt from the requirements of the Registration Act because he is not a person who is compelled to register under the terms of I.C. § 18-8304(1)(d).[1] Idaho Code Section 18-8304(1)(d) provides that the sexual offender registration requirements apply to any person who:

> Pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.

Thus, there are two criteria a person must meet to be subject to a duty to register under I.C. § 18-8304(1)(d). First, the person must have been found guilty of a crime covered by the Registration Act prior to July 1, 1993; and second, the person must have been incarcerated or under parole/probation supervision on or after July 1, 1993. Oppelt does not claim that the crime of which he was convicted is not covered by the Registration Act. Oppelt does argue, however, that the term "probation," as used in I.C. § 18-8304(1)(d), encompasses only probationers who are or have been supervised by the Idaho Department of Correction (IDOC). Oppelt cites to I.C. § 18-101A in support of his proposition that the term "probation" in I.C. § 18-8304(1)(d) only applies to those probationers under the supervision of IDOC. Idaho Code Section 18-101A provides definitions of certain terms that are to be applied in Titles 18, 19, and 20 of the Idaho Code. Oppelt recognizes that I.C. § 18-101A does not define the term "probation," but argues that the

---

[1]      Both parties to this appeal agree that I.C. §§ 18-8304(1)(a), (b), (c), and (e) are not applicable in this case.

definition of "probationer" found in I.C. § 18-101A(9) should apply in this case. Idaho Code Section 18-101A(9) defines "probationer" as:

> [A] person who has been placed on felony probation by an Idaho court, or a court of another state, the United States, or a foreign jurisdiction, and who is not incarcerated in any state, local or private correctional facility, and who is being supervised by employees of the Idaho department of correction.

Oppelt asserts that, because he was never supervised as a probationer by the IDOC, he is not required to register under I.C. § 18-8304(1)(d).

This Court recently addressed this issue in *State v. Helmuth*, Docket No. 37175 (Ct. App. Nov. 3, 2010). In 1992, Helmuth was convicted of a sexual offense in Ohio. He served eighteen months in an Ohio prison, was released, and was never required to register as a sex offender in that state. After moving to Idaho, Helmuth initially registered as a sex offender under the Registration Act, but was later charged with failure to register when he changed residences without providing notice of his new address to registry personnel. Helmuth moved to dismiss the charge, arguing that he was not required to register because I.C. § 18-8304(1)(d) applies only to persons who were incarcerated in Idaho. The district court dismissed Helmuth's charge, finding that the definition of incarceration in I.C. § 18-8303(7), which narrowly defines the term to include only those persons in the custody of the Idaho Department of Correction, was applicable and prevented I.C. § 18-8304(1)(d) from applying to Helmuth. On appeal, this Court reversed, holding that I.C. § 18-8304(1)(d) applies to all persons incarcerated on or after July 1, 1993, for a sexual offense covered by the Act, not just to persons who were incarcerated in Idaho. This Court reasoned that utilizing the narrow definition of incarceration found in I.C. § 18-8303(7) would be contrary to the clear legislative intent of I.C. § 18-8304(1)(d). Rather than repeat in detail this Court's analysis in *Helmuth*, we attach a copy of that opinion as an appendix to this decision. Our analysis in *Helmuth* is equally applicable to Oppelt's case. It is undisputed that Oppelt was on probation after July 1, 1993, for a crime covered by the Registration Act. Applying the narrow definition of probationer found in I.C. § 18-101A(9) would contravene the legislative intent of I.C. § 18-8304(1)(d). Therefore, I.C. § 18-8304(1)(d) is applicable to Oppelt and he must register under the Act.

## B.    Constitutional Right to Travel

Oppelt also argues that I.C. § 18-8304(1)(d) violates his right to travel under the Fourteenth Amendment to the United States Constitution. Oppelt failed to raise this issue before

the district court below. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). The exception to this rule is that constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. *Id*. Because there are no subsequent proceedings in this case, the exception does not apply. Therefore, this Court will not consider the constitutional issues raised by Oppelt for the first time on appeal.

## III.

## CONCLUSION

The district court did not err in denying Oppelt's petition to cease the requirement that he register as a sex offender because the terms of I.C. § 18-8304(d)(1) apply to Oppelt and require that he continue to register as a sex offender in Idaho. Accordingly, the district court's order denying Oppelt's petition to cease the requirement that he register as a sex offender is affirmed.

**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37175**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 71** |
| Plaintiff-Appellant, | ) | |
| | ) | **Filed: November 3, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| PHILLIP DAVID HELMUTH, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Darla S. Williamson, District Judge.

Order dismissing charge of failure to register as a sex offender, reversed, and case remanded.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for appellant.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for respondent.

---

LANSING, Chief Judge

Phillip David Helmuth was charged with failing to register as a sex offender on an allegation that he did not timely notify the Ada County Sheriff of his change of address in violation of Idaho statutes requiring the registration of sex offenders.  On Helmuth's motion, the district court dismissed the charge based on a conclusion that Helmuth was not required to register by terms of the Idaho statutes.  The State appeals from the order of dismissal.

**I.**

**BACKGROUND**

In May 1992, Helmuth was convicted of two counts of the felony crime of sexual battery in the state of Ohio.  He was sentenced to eighteen months of imprisonment on those charges, and he apparently completed service of that sentence in mid-August 1993.  So far as revealed by

the record here, he did not have any duty to register as a sex offender in the state of Ohio. Helmuth moved to Idaho in 1999, and initially registered as a sex offender in August 2000 because, he asserts, a law enforcement official told him that he was required to register. In July 2009, Helmuth was charged in Ada County with failure to register as a sex offender under Idaho's Sexual Offender Registration Act, I.C. § 18-8301, *et seq.*, because he did not provide written notice to the sheriff of a new address within two days after changing his residence. Helmuth moved to dismiss the charge, asserting that none of the provisions of the Act applied to him, and the district court granted his motion. The State appeals, contending that the district court misinterpreted the provisions of I.C. § 18-8304(d).

## II.

## ANALYSIS

Idaho Code § 18-8304 requires that persons who have been convicted of certain sex offenses register their addresses with the sheriff of their county of residence. Portions of the statute that are pertinent to this appeal state:

> (1) The provisions of this chapter shall apply to any person who:
> (a) On or after July 1, 1993, is convicted of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in [listing various Idaho statutes defining sex crimes].
> (b) On or after July 1, 1993, has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States, including tribal courts and military courts, that is substantially equivalent to the offenses listed in subsection (1)(a) of this section and enters the state to establish permanent or temporary residence.
> (c) Has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States, including tribal courts and military courts, that is substantially equivalent to the offenses listed in subsection (1)(a) of this section and was required to register as a sex offender in any other state or jurisdiction when he established permanent or temporary residency in Idaho.
> (d) Pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.

At issue here is whether Helmuth was subject to the registration requirements as the result of his 1992 conviction and imprisonment in Ohio.

2

The State does not contend that I.C. § 18-8304(1)(c) requires that Helmuth register in Idaho, but asserts that subsection (1)(d) applied to him because on or after July 1, 1993, he was incarcerated in an Ohio penal facility for a covered sex offense. For purposes of his motion to dismiss, Helmuth stipulated that his Ohio offenses were substantially equivalent to the offenses listed in I.C. § 18-8304(1)(a), but argued that subsection (1)(d) applies only to persons who were incarcerated or under probation or parole supervision in Idaho. He reasoned that because subsections (b) and (c) expressly reference out-of-state convictions while subsection (d) does not, the legislature intended subsection (d) to apply only to those incarcerated for the Idaho crimes listed in subsection (a).

The district court found Helmuth's argument persuasive. In addition to relying on this distinction between the legislative language used in subsection (d) and that in subsections (b) and (c), the district court also relied on the definition of "incarceration" in I.C. § 18-8303(7), which states that "incarceration" means "committed to the custody of the *Idaho department of correction or department of juvenile corrections*, but excluding cases where the court has retained jurisdiction." (Emphasis added.) That definition, when applied to I.C. § 18-8304(1)(d), the district court reasoned, limited the application of I.C. § 18-8304(1)(d) to Idaho offenders. The State argues on appeal that the district court erred in this interpretation of the statute and that subsection (1)(d) applies to those who were incarcerated in other jurisdictions on or after July 1, 1993, for sex offenses described in subsection 1(b).

The interpretation of a statute "must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *State v. Yeoman*, 149 Idaho 505, 507, 236 P.3d 1265, 1267 (2010). When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is also incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

We cannot agree with the district court's conclusion that subsection (1)(d) applies only to persons who were incarcerated in Idaho, for it encompasses all persons incarcerated on or after

3

July 1, 1993, for "a crime covered in this chapter," that is, in Chapter 83, Title 18 of the Idaho Code. The crimes described in subsections (1)(a) and (1)(b) plainly are covered in that chapter. Section 18-8304(1)(a) identifies Idaho crimes that may make an individual subject to registration, but limits the registration requirement to persons who committed those offenses on or after July 1, 1993. Subsection (b) then brings into the category of offenses giving rise to a registration requirement those post-June 1993 convictions in other jurisdictions for crimes that are substantially equivalent to the Idaho offenses listed in subsection (1)(a). While subsections (a) and (b) limit the registration requirement to people convicted on or after July 1, 1993, subsections (c) and (d) eliminate that temporal element in certain circumstances. That is, subsection (c) requires registration for conviction of a substantially equivalent offense in another jurisdiction at anytime if the individual was subject to a registration requirement in another jurisdiction when the individual moved to Idaho, and subsection (d) extends the registration requirement to persons who were adjudicated guilty of a covered crime before July 1, 1993, but remained incarcerated or subject to supervision on or after that date. The reference in subsection (d) to a "crime covered in this chapter" thus encompasses crimes in other jurisdictions because those crimes are within the covered crimes identified in subsections (b) and (c).

The district court concluded, however, that the definition of "incarceration" in I.C. § 18-8303(7) demonstrated a legislative intent that I.C. § 18-8304 would apply only to Idaho offenses. The court reasoned:

> Idaho Code section 18-8303(7) defines incarceration as being "committed to the custody of the *Idaho* department of correction or department of juvenile corrections, but excluding cases where the court has retained jurisdiction." (emphasis added) This definition is further evidence that subsection (1)(d) can be read as clearly and unambiguously applying only to in-state convictions. The legislature chose to use the word "incarcerated," a form of incarceration, in subsection (1)(d) and then defined incarceration in the same chapter to mean being in the custody of the Idaho department of corrections. This is additional evidence that the legislature intended for subsection (1)(d) to apply to only Idaho convictions.

Although we acknowledge that the statutory definition of "incarceration" adds complexity to the interpretation of I.C. § 18-8304(1)(d), we disagree with the district court's analysis. Applying the definition of "incarceration" from I.C. § 18-8303(7) to the word "incarcerated" in I.C. § 18-8304(1)(d), is contrary to the clear legislative intent expressed in subsection (1)(d) and would have the effect of nullifying a part of that subsection. By the

4

language in subsection (1)(d) the legislature plainly included all offenses covered by the chapter, not just the offenses covered by subsection (1)(a). If the I.C. § 18-8303(7) definition of "incarceration" is applied, it would cut from the operation of subsection (1)(d) an entire class of out-of-state offenses that the legislature otherwise included. Moreover, it would also cut out many Idaho offenders who would otherwise be subject to subsection (1)(d). This is because the I.C. § 18-8303(7) definition limits "incarceration" to those in the custody of the Idaho Department of Correction or Department of Juvenile Corrections. Applying the definition to subsection (1)(d) would nullify the language in that subsection which refers to persons "incarcerated in a county jail facility." We thus conclude that the legislature could not have intended the definition of "incarceration" found in I.C. § 18-8303(7) to apply to the word "incarcerated" found in I.C. § 18-8304(1)(d).

For the foregoing reasons, we hold that the district court erred in determining that I.C. § 18-8304(d) did not apply to Helmuth's circumstance and that he had no duty to register as a sex offender under Idaho law. The district court's order dismissing the charge against Helmuth is reversed and the case remanded for further proceedings.

Judge GRATTON and Judge MELANSON **CONCUR.**

5