IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42522

| BOB LESTER BOREN, | ) | 2016 Unpublished Opinion No. 391 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order on motions for summary disposition and judgment dismissing petition for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Bob Lester Boren appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the underlying criminal action, Boren was charged with unlawful possession of a firearm after he was found in possession of a .22 caliber pistol. He is prohibited from possessing firearms because he has a 1984 felony conviction for possession of a controlled substance from Oregon and a 1988 felony conviction for possession of a controlled substance from Nevada. Boren filed a motion to dismiss the unlawful possession of a firearm charge because his felony convictions occurred prior to 1991 and therefore, he believed that under Idaho Code § 18-

1

310(2)(kk)[1] his right to possess a firearm was automatically restored. The motion was denied pursuant to I.C. § 18-310(4) because Boren's convictions are out-of-state convictions and therefore, Boren was not entitled to an automatic restoration of his right to possess a firearm. The district court noted Boren had not applied to have this right restored under I.C. § 18-310(3). Boren entered a conditional plea of guilty, reserving the right to appeal the denial of the motion to dismiss. On appeal to this Court, we reversed the district court's decision.[2] However, on review by the Idaho Supreme Court, the district court's decision was affirmed and Boren's conviction upheld. The Supreme Court held it "is absolutely certain . . . that the second sentence [of I.C. § 18-310(4)] does not provide for the restoration of any right or any nature" for persons convicted of out-of-state felonies. *State v. Boren*, 156 Idaho 498, 499-500, 328 P.3d 478, 479-80 (2014).

Following his direct appeal, Boren filed a petition for post-conviction relief alleging his trial counsel was ineffective for failing to file a motion to dismiss the charge based on the unconstitutionality of I.C. § 18-310. Boren alleges this code section is unconstitutional because it violates his constitutional right to travel as protected by the Privileges and Immunities Clause and the Equal Protection Clause of the United States Constitution. Boren filed a motion for summary disposition and the State filed a cross-motion for summary disposition. The district court denied Boren's motion for summary disposition, granted the State's cross-motion for summary disposition, and dismissed the petition.

The district court concluded Boren had failed to show that a motion to dismiss on the asserted constitutional grounds would have been successful. The district court further determined, even if he was able to convince the district court that I.C. § 18-310 was unconstitutional, Boren had failed to show that his right to possess firearms would be automatically restored as a matter of Idaho law. Therefore, Boren's trial counsel had not provided ineffective assistance of counsel for failing to file a motion to dismiss the charge on this basis. Boren appeals.

---

[1]     Idaho Code § 18-310(kk) provides in relevant part: The provisions of this subsection shall apply only to those persons convicted of the enumerated felonies in paragraphs (a) through (jj) of this subsection on or after July 1, 1991.

[2]     *State v. Boren*, Docket No. 39754 (Ct. App. March 14, 2013) (unpublished).

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show the attorney's performance was deficient and the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show there is a reasonable

4

probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## III.

## ANALYSIS

Boren argues the district court erred by summarily dismissing his petition for post-conviction relief because there was a genuine issue of material fact regarding the constitutionality of I.C. § 18-310(4). He further alleges the district court erred in dismissing his claim regarding the ineffectiveness of his trial counsel for failing to seek dismissal of the unlawful possession of a firearm offense on constitutional grounds.

At issue is the distinction in I.C. § 18-310(4) between an in-state and an out-of-state felony conviction. Boren alleges this distinction violates the constitutional right to travel by treating those two groups of felons differently. Idaho Code § 18-310(4) provides:

> Persons convicted of felonies in other states or jurisdictions shall be allowed to register and vote in Idaho upon final discharge which means satisfactory completion of imprisonment, probation and parole as the case may be. These individuals shall not have the right restored to ship, transport, possess or receive a firearm, in the same manner as an Idaho felon as provided in subsection (2) of this section.

Subsection (2) allows for a person convicted of a felony in Idaho, after July 1, 1991, to be restored to full citizenship rights upon "satisfactory completion of imprisonment, probation and parole as the case may be." I.C. § 18-310(2).

The constitutionality of a statute is a question of law that we review de novo. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). A party challenging the constitutionality of a statute must overcome a strong presumption of validity. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998).

## A.     Standing

The district court's decision, in part, was based on Boren's failure to demonstrate that he had standing to challenge the constitutionality of I.C. § 18-310(4) on behalf of out-of-state residents because he did not allege and provide evidence that he ever resided outside of the state

5

of Idaho. In order to satisfy the standing requirement, Boren must demonstrate "an injury in fact and a substantial likelihood that the judicial relief requested [would] prevent or redress the claimed injury." *Freeman v. State*, *Dep't of Corr.*, 134 Idaho 481, 485, 4 P.3d 1132, 1136 (Ct. App. 2000). The district court did not err in determining that Boren had failed to allege or demonstrate standing to challenge the constitutionality of I.C. § 18-310(4). Absent from the record is any indication that Boren is, or ever has been, an out-of-state resident. Therefore, Boren has failed to demonstrate that he has the ability to contest this law on behalf of non-residents or persons who have recently moved to Idaho and who are impacted by the provisions of I.C. § 18-310.

The State argues that Boren did not address the district court's decision that he lacked standing on appeal and urges this Court to uphold the district court's order on this basis. In his reply brief, Boren argues that his residency is irrelevant to the determination of whether I.C. § 18-310(4) is unconstitutional and argues for the first time this code section creates a fixed, permanent distinction between residents of Idaho. Generally, issues not raised in the initial brief are considered waived and our decision is limited to those issues supported by argument and authority. Idaho Appellate Rule 35(a)(4); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993); *Murillo v. State*, 144 Idaho 449, 453 n.3, 163 P.3d 238, 242 n.3 (Ct. App. 2007). Boren has not properly raised as an issue whether the statute creates fixed, permanent distinctions between Idaho residents. Instead, his argument focused on whether the statute treated non-residents differently than Idaho residents. Thus, this Court will not consider whether the statute creates fixed, permanent distinctions between Idaho residents.

**B.      Right to Travel**

The Idaho Supreme Court has recognized the three components of the constitutional right to travel as explained in *Saenz v. Roe*, 526 U.S. 489, 500 (1999). *See State v. Yeoman*, 149 Idaho 505, 508, 236 P.3d 1265, 1268 (2010).

> In *Saenz*, the United States Supreme Court wrote:
>
> The "right to travel" discussed in our cases embraces at least three different components. It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

6

*Saenz*, 526 U.S. at 500.

At issue in this case is the third aspect of the right to travel, based upon the Privileges and Immunities Clause of the Fourteenth Amendment, which is "the right of the newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same State." *Id.* at 502. The United States Supreme Court has held that the right to travel can be infringed when a new resident of a state is denied rights or benefits available to longer-term residents. *Yeoman*, 149 Idaho at 508, 236 P.3d at 1268. However, the "lack of disparate treatment of non-residents or recent arrivals . . . eliminates the possibility of a barrier to interstate travel." *Levanti v. Tippen*, 585 F. Supp. 499, 507 (S.D. Cal. 1984). In order to establish that a statute violates the right to travel, the plaintiff must "establish disparate treatment of outsiders which inhibits free passage across state borders." *Id.* Statutes that have been held to violate the right to travel include those that "penalize migration or create fixed, permanent distinctions among citizens." *State v. Dickerson*, 142 Idaho 514, 519, 129 P.3d 1263, 1268 (Ct. App. 2006). In *Dickerson*, we recognized the laws that penalize migration to include:

> civil service employment preferences for veterans who resided in the state when they entered military service, *Soto-Lopez*, 476 U.S. 898, 106 S. Ct. 2317, 90 L. Ed. 2d 899; requirements for a period of residency before a person can secure a divorce in the state (although a burden, found to be constitutional), *Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975); one-year residency requirements before indigents become eligible for free non-emergency medical care, *Mem'l Hosp.*, 415 U.S. 250, 94 S. Ct. 1076, 39 L. Ed. 2d 306; durational residency requirements as a prerequisite to register to vote, *Dunn v. Blumstein*, 405 U.S. 330, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972); and durational residency requirements for welfare benefits, *Shapiro*, 394 U.S. at 624, 89 S. Ct. at 1325-26, 22 L. Ed. 2d at 609.

*Id.*

In this case, the district court determined that I.C. § 18-310(4) did not violate the right to travel because the statute distinguishes between persons convicted of out-of-state felonies and persons convicted of Idaho felonies, not out-of-state residents and Idaho residents. Idaho residents with an out-of-state conviction and persons moving to Idaho with an out-of-state conviction are treated the same under the statute. A lifelong Idaho resident could receive a felony conviction from Nevada and be treated in the same manner as a person who resides in Nevada, receives a felony conviction from that state, and then moves to Idaho. Absent from I.C. § 18-310 is the necessary "disparate treatment" required to establish a violation of the constitutional right to travel. This statute does not penalize migration like the laws listed above,

7

because the distinction in ability to have a right to possess a firearm does not depend on the person's residency status in Idaho.

The district court did not err in dismissing Boren's claim that I.C. § 18-310(4) is unconstitutional as a violation of the constitutional right to travel, because Boren failed to demonstrate that he had standing to assert this claim and failed to show how the code section provides disparate treatment between Idaho residents and out-of-state residents.

## C.    Equal Protection

Equal protection embraces the principle that all persons in like circumstances should receive the same benefits and burdens of the law. *See* U.S. CONST. amend. XIV, § 1; *Bon Appetit Gourmet Foods, Inc., v. Dep't of Emp't*, 117 Idaho 1002, 1003, 793 P.2d 675, 676, (1989). Equal protection issues focus on classifications within statutory schemes that allocate benefits or burdens differently among the categories of persons affected. *State, Dep't of Health and Welfare ex rel. Martz v. Reid*, 124 Idaho 908, 911, 865 P.2d 999, 1002 (Ct. App. 1993). Equal protection claims require a three-step analysis where the reviewing court must:  first, identify the classification that is being challenged; second, determine the standard under which the classification will be judicially reviewed; and third, decide whether the appropriate standard has been satisfied. *State v. Mowrey*, 134 Idaho 751, 754, 9 P.3d 1217, 1220 (2000) (citing *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 395, 987 P.2d 300, 307 (1999)).

Here, because we have determined that I.C. § 18-310(4) does not infringe upon the fundamental right to travel, the classification at issue is not based upon a suspect class and does not implicate a fundamental right.  Therefore, the rational basis test is the applicable standard of review.  A classification will survive rational basis review if the classification is rationally related to a legitimate legislative purpose. *Hart*, 135 Idaho at 830, 25 P.3d at 853.  It is well settled that the state has wide discretion to enact laws affecting some groups of citizens differently than others, and the legislature is presumed to have acted within its constitutional power despite the fact that the enforcement of a statute results in some inequality. *Coghlan*, 133 Idaho at 396, 987 P.2d at 308.  Under this analysis, a classification challenged for a lack of equal protection will be upheld "if there is any conceivable state of facts which will support it." *Id*. at 396-97, 987 P.2d at 308-09.

Boren's equal protection challenge rests in his claim that I.C. § 18-310(4) allows for disparate treatment between Idaho residents and out-of-state residents who move to Idaho with

out-of-state felony convictions. However, as addressed above, that statute does not treat these two groups of felons differently because all persons residing within Idaho are subject to the same limitations on the automatic restoration of the right to possess a firearm following an out-of-state felony conviction. Boren has failed to demonstrate that I.C. § 18-310(4) violates his right to equal protection, and the district court did not err in dismissing this claim for post-conviction relief.

**D.      Ineffective Assistance of Counsel**

In order to succeed on his claim that his attorney provided constitutionally deficient representation prior to Boren entering his conditional plea of guilty, Boren must show that the motion to dismiss the criminal action would have been successful because I.C. § 18-310(4) is unconstitutional. We have determined that Boren has failed to demonstrate he had standing to contest the constitutionality of I.C. § 18-310(4) as a violation of his constitutional right to travel and that the code section does not mandate disparate treatment of Idaho residents and out-of-state residents. Further, Boren has failed to demonstrate that I.C. § 18-310(4) violates the guarantees of equal protection.

## IV.
## CONCLUSION

For the reasons set forth above, we affirm the district court's order denying Boren's motion for summary disposition and granting the State's cross-motion for summary disposition as well as the judgment dismissing Boren's post-conviction petition.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.