163 P.3d 238

**Orlando Chavez MURILLO, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 33035.

Court of Appeals of Idaho.

June 5, 2007.

Review Denied July 31, 2007.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Orlando Chavez Murillo appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Murillo was convicted of two counts of conspiracy to traffic in heroin. I.C. §§ 18–1701 and 37–2732B(a)(6). The district court sentenced Murillo to concurrent twenty-five-year terms of imprisonment, with minimum periods of confinement of fifteen years. The district court also imposed a fine of $25,000 for each count. Murillo appealed, and this Court affirmed his judgment of conviction and sentences in an unpublished opinion. *State v. Murillo*, Docket No. 28447 (Ct.App. Oct. 2, 2003).

Murillo filed a pro se application for post-conviction relief and a motion for appointment of post-conviction counsel. After the district court appointed counsel, Murillo filed an amended application, asserting that he was denied the right to participate in his own defense and the right to effective assistance of counsel. In an affidavit filed with his amended application, Murillo averred that, prior to trial, his counsel only met with him two to three times, for fifteen to twenty minutes each time. Murillo averred that he was given the assistance of an interpreter at these meetings, but he believes the interpret-

er gave advice that was her own opinion and not the result of translating advice from his counsel. Murillo further averred that his counsel failed to provide him with copies or oral translations of documents related to his case, including police reports, the grand jury transcript, and the state's discovery responses.

The state filed a motion for summary dismissal of Murillo's application. The district court issued a notice of intent to dismiss the application, reasoning that Murillo had not shown that the outcome of the trial would have been different but for his counsel's alleged deficiencies. Murillo filed an objection to the district court's notice of intent to dismiss, in which Murillo asserted that he was denied the right to participate in his defense and that the district court used the incorrect standard in denying his claims. The district court summarily dismissed Murillo's application for the same reasons set forth in its notice of intent to dismiss. Murillo appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evi-

dence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## III.

## ANALYSIS

### A. Right to Participate in Defense

Murillo asserts that he was deprived of his right to participate in his own defense.

Murillo analogizes his situation to that of a mentally-incompetent defendant who would be deprived of his or her due process rights if tried and convicted while lacking the capacity to consult with his or her attorney to a reasonable degree of rational understanding. Murillo argues that he was rendered unable to participate in his defense because he had an insufficient opportunity to confer with his trial counsel with the aid of an interpreter and was not provided with copies or oral translations of documents related to his case. The district court ruled that Murillo did not raise a genuine issue of material fact as to whether he was deprived of the right to participate in his own defense because he had not presented evidence that he was prejudiced by his alleged inability to participate in his defense.

 Failure to appoint an interpreter at the trial of a non-English-speaking defendant would violate the due process right to a fair trial, which protects the defendant's ability to communicate with his or her attorney, understand the proceedings, assist in his or her defense, and meaningfully confront witnesses.[1] *See State v. Hernandez,* 120 Idaho 785, 788, 820 P.2d 380, 383 (Ct.App.1991). The due process right to a fair trial also prohibits trying or convicting a defendant while he or she lacks the mental capacity to understand the proceedings, to consult with counsel, and to assist in the preparation of his or her defense. *See Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103, 112 (1975); *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815, 818 (1966); *State v. Lovelace,* 140 Idaho 53, 62, 90 P.3d 278, 287 (2003), *aff'd on reh'g,* 140 Idaho 73, 90 P.3d 298 (2004). The test to determine if a defendant has the mental capacity to stand trial is whether the defendant has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the proceedings against him or her. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Lovelace,* 140 Idaho at 62, 90 P.3d at 287.

Other courts have relied on the test for mental capacity in analyzing whether a non-English-speaking defendant was deprived of the right to participate in his or her defense. *See United States ex rel. Negron v. New York,* 434 F.2d 386, 389 (2d Cir.1970); *United States v. Cirrincione,* 780 F.2d 620, 633–34 (7th Cir.1985); *Gonzalez v. Phillips,* 195 F.Supp.2d 893, 902–03 (E.D.Mich.2001). In *Negron,* the court held that the trial and conviction of an accused who neither understood nor spoke the English language lacked the fundamental fairness required for due process where adequate translations were not provided at the trial. *Negron,* 434 F.2d at 389. Defense counsel in *Negron* spoke no Spanish and was able to confer with his client with the aid of an interpreter for only twenty minutes prior to the trial. Twelve of fourteen witnesses called by the prosecution testified in English, but their testimony was not contemporaneously translated for the defendant. The court relied on *Dusky* to hold that it is imperative that every criminal defendant possess sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding. *Negron,* 434 F.2d at 389. As justification for requiring an adequate interpreter, the court reasoned that the defendant's language disability was as debilitating to his capacity to participate in the trial as a mental disease or defect, but it was more readily curable than any mental disorder.

In the present case, Murillo has not averred facts sufficient to show that he may avoid the burden to prove prejudice because he was deprived of the right to participate in his defense due to a language barrier. In contrast to the defendant in *Negron* who spoke no English, Murillo has not averred that he was unable to communicate with his trial counsel to a reasonable degree of rational understanding prior to trial. Murillo also did not aver that he was provided with an inadequate interpreter at trial. Murillo merely stated his belief that his interpreter

---

1. The right to an interpreter at trial is also protected by statute and court rules. *See* I.C. § 9– 205, I.C.R. 28, and I.C.A.R. 52.

provided her own advice at Murillo's pre-trial meetings with trial counsel that was not based on counsel's advice.[2] Murillo's affidavit does not say that the interpreter also failed to translate what counsel said, nor does the affidavit claim that Murillo was unable to communicate with counsel or did not understand the charges. We cannot infer, from his bare assertion that the interpreter offered her own advice, that Murillo was unable to communicate with counsel without the interpreter or that the interpreter did not translate what counsel said. Moreover, Murillo's assertion that his trial counsel spent an inadequate amount of time with him prior to trial is unrelated to any language barrier that implicates the due process right to participate in his own defense.

Murillo also relies on *United States v. Mosquera*, 816 F.Supp. 168 (E.D.N.Y.1993) to support his assertion that he was entitled to oral or written translations of documents related to his case, including police reports, the grand jury transcript, and the state's discovery responses. In *Mosquera*, the court provided written translations of court documents in a complex narcotics and money laundering prosecution with eighteen defendants, each of whom was represented by different counsel. *Mosquera*, however, does not stand for the proposition that every non-English-speaking criminal defendant enjoys a constitutional right to written translations of court documents. Rather, a court may decide to provide written translations in difficult and complicated cases. *See United States v. Gonzales*, 339 F.3d 725, 729 (8th Cir.2003); *Sanders v. United States*, 130 F.Supp.2d 447, 449 (S.D.N.Y.2001). Murillo's case was not as difficult or as complicated as *Mosquera*. Finally, Murrilo's assertion that he was entitled to have court documents orally translated to him is also unavailing because he has not averred that he was unaware of the charges and evidence against him prior to his trial.

■ From Murillo's bare averments, we cannot reasonably infer that a language barrier or lack of translated documents prevented him from consulting with his trial counsel with a reasonable degree of rational understanding or prevented him from obtaining a rational, as well as factual, understanding of the proceedings against him. The district court ruled that Murillo did not raise a genuine issue of material fact as to whether he was deprived of the right to participate in his own defense because he did not present evidence that he was prejudiced by his inability to participate in his defense. We agree. Murillo has neither shown prejudice nor shown facts that could relieve him of the burden of proving prejudice. Because we hold that Murillo has not sufficiently averred that a language barrier prevented him from adequately communicating with his counsel or understanding the proceedings against him, we offer no opinion as to whether a defendant who can make such a showing would be entitled to a presumption of prejudice. We affirm the district court's summary dismissal of Murillo's claim that he was deprived of the right to participate in his own defense.

## B. Ineffective Assistance of Counsel

■ Murillo also asserts that he was deprived of the right to effective assistance of counsel, ensured by the Sixth Amendment of the United States Constitution, because he was unable to participate in his own defense.[3] The district court ruled that Murillo did not properly raise an ineffective assistance claim because he did not demonstrate that the outcome of the proceedings would have been different in the absence of counsel's alleged deficiencies.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective

---

2. The Idaho Code of Professional Responsibility for Interpreters in the Judiciary, Cannon 7: Scope of Practice mandates that interpreters not give legal advice.

3. In the district court, Murillo also argued that his trial counsel provided ineffective assistance

by failing to move to sever his trial from the trial of other defendants. Murillo does not raise this argument on appeal and it is therefore waived. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.App.1997).

assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177.

In *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), however, the Supreme Court held that there are narrow sets of circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. *Id.,* 466 U.S. at 658, 104 S.Ct. at 2046, 80 L.Ed.2d at 667. *See also Pratt v. State,* 134 Idaho 581, 584 n. 1, 6 P.3d 831, 834 n. 1 (2000); *Aeschliman v. State,* 132 Idaho 397, 404, 973 P.2d 749, 756 (Ct.App.1999); *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct.App.1996). The Supreme Court recently noted that the *Cronic* rule includes three situations where courts should presume the defendant was prejudiced by deficient performance of counsel. *See Bell v. Cone,* 535 U.S. 685, 695, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914, 927 (2002). First is the complete denial of counsel. *Id.* A trial would be presumptively unfair where the accused is denied the presence of counsel at a critical stage, a phrase the Court has used "to denote a step of a criminal proceeding, such as arraignment, that held significant consequences for the accused." *Id.,* 535 U.S. at 695–96, 122 S.Ct. at 1850–51, 152 L.Ed.2d at 927. Second, a similar presumption is warranted if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. *Id.,* 535 U.S. at 696, 122 S.Ct. at 1851, 152 L.Ed.2d at 927. Finally, where counsel is called upon to render assistance under circumstances where competent counsel very likely could not, the defendant need not show that the proceedings were affected. *Id.*

Murillo does not argue that he demonstrated that he was prejudiced by his counsel's allegedly deficient performance, but only that he is entitled to a presumption of prejudice under *Cronic.* Murillo asserts that he was constructively denied the assistance of counsel because his trial counsel deprived him of the right to participate in his own defense. Relying on *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), Murillo asserts that a defendant is constructively denied the assistance of counsel, and prejudice must be presumed, whenever counsel's deficiencies deprived the defendant of a constitutionally protected right. Murillo's argument fails, however, because *Roe* does not stand for the proposition Murillo asserts. In *Roe,* a prisoner asserted that he was entitled to a presumption of prejudice because he was constructively denied assistance of counsel at a critical stage of the proceedings when his trial counsel failed to consult with him about appealing his conviction. The Supreme Court held that, to show prejudice, the prisoner had to demonstrate that there was a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Id.,* 528 U.S. at 484, 120 S.Ct. at 1038, 145 L.Ed.2d at 999. *Roe,* however, does not require a presumption of prejudice whenever counsel's deficiencies deprive the defendant of any constitutionally protected right. Murillo's argument also fails because, as we have already held, Murillo did not raise a genuine issue of material fact as to whether he was denied the due process right to participate in his own defense. Therefore, even if *Roe* did require us to presume a defendant was prejudiced whenever counsel's deficient performance deprived him or her of a constitutional right, Murillo would not be entitled to a presumption of prejudice. Murillo has presented no other reason why he was entitled to a presumption of prejudice, and we therefore conclude that he was not entitled to such a presumption.

We need not address trial counsel's alleged deficiencies under the first prong of the *Strickland* test because Murillo has not dem-

onstrated that he was entitled to a presumption of prejudice and does not argue that he was prejudiced by his counsel's alleged deficiencies. The district court therefore properly ruled that Murillo did not state a genuine issue of material fact as to whether he received ineffective assistance of counsel.

## IV.

## CONCLUSION

Murillo has not shown that a language barrier prevented him from adequately communicating with his counsel or understanding the proceedings against him. We therefore hold that Murillo did not raise a genuine issue of material fact as to whether he was denied the due process right to participate in his own defense without addressing the district court's ruling that a defendant must demonstrate prejudice to prove a deprivation of that right. The district court properly dismissed Murillo's claim that he received ineffective assistance of counsel because Murillo failed to demonstrate he was entitled to a presumption of prejudice under *Cronic* and does not show that he was prejudiced by counsel's alleged deficiencies. We therefore affirm the district court's order summarily dismissing Murillo's application for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ concur.

