**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38199**

| | | |
|---|---|---|
| JOSE LUIS ZEPEDA, JR., | ) | |
| | ) | **2012 Opinion No. 13** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: March 5, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment summarily dismissing action for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jose Luis Zepeda, Jr., appeals from the summary dismissal of his petition for post-conviction relief. He asserts that the dismissal was erroneous because he presented a meritorious claim that his trial attorney's refusal to file a motion to withdraw Zepeda's guilty plea upon his request was ineffective assistance of counsel.

## I.

## BACKGROUND

In June 2009, an acquaintance gave Zepeda a ride to Rupert, Idaho. The acquaintance then asked permission to park his car at Zepeda's house overnight and pick it up the following day. Zepeda agreed, and the acquaintance left a key to the car with Zepeda. The car was subsequently determined to be a stolen vehicle, and Zepeda was charged with grand theft by possession of stolen property, Idaho Code §§ 18-2403, 18-2407.

1

Zepeda agreed to plead guilty, and in exchange, the State agreed to dismiss a persistent violator enhancement and to recommend a unified sentence of no more than eight years with three years fixed. At the change of plea hearing, Zepeda informed the court that he wished to plead guilty because he "knew or should have known" that the vehicle was stolen. Before accepting the plea, the district court questioned Zepeda regarding the factual basis for the plea. Defense counsel explained that there were potentially incriminating letters in the car. Zepeda nevertheless insisted that he did not know the vehicle was stolen until he was arrested for possessing it, and that he had no reason to think it was stolen but "trusted a friend that [he] shouldn't have trusted." When the district court asked why he was pleading guilty if he had no reason to believe the vehicle was stolen, Zepeda explained he should have known it was stolen because it was a nice car for an individual like the person that gave him the ride and that Zepeda had "gone against my better judgment." Upon further questioning, Zepeda denied that he had read the letter or letters in the car--which apparently implied that he was more actively involved in the theft than he admitted. After Zepeda continued to deny the existence of factual circumstances that would have led him to believe the car was stolen, the district court stated that it was unable to accept the plea. Zepeda again simultaneously expressed his desire to plead guilty and denied a factual basis for his guilt. Defense counsel then suggested that the court accept a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970). The district court relied on the probable cause affidavit and defense counsel's statements to establish a factual basis absent an admission of guilt, accepted the guilty plea, and set the matter for sentencing.

At the sentencing hearing, while asking for leniency, Zepeda reiterated that he did not know the car was stolen but that he should have. The court responded that while Zepeda's explanation sounded reasonable, Zepeda had pled guilty to the crime and therefore would be sentenced for that crime. The court imposed a unified eight-year term of imprisonment with three years determinate, and the sentence was affirmed on appeal in an unpublished opinion. *State v. Zepeda*, Docket Nos. 37093, 37133 and 37134 (Ct. App. Sept. 8, 2010).

While the appeal was pending, Zepeda filed a petition for post-conviction relief asserting the existence of new material evidence of his innocence and several claims of ineffective assistance of counsel centering on his attorney's failure to file a motion to withdraw his guilty plea. The district court appointed counsel to assist Zepeda with the post-conviction action. The State filed a motion for summary dismissal, to which Zepeda responded. Addressing the motion,

the district court concluded that the evidence Zepeda referred to was not "newly discovered" and that Zepeda failed to demonstrate either that his trial attorney's representation was deficient or that he was prejudiced by the attorney's performance. Accordingly, the court granted the State's motion for summary dismissal, and subsequently denied Zepeda's motion to reconsider on the same grounds. Zepeda appeals.[1]

## II.

## ANALYSIS

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). If there exists a genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief, an evidentiary hearing must be conducted. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Hayes*, 146 Idaho at 355, 195 P.3d at 714. "[W]hen reviewing a district court's order of summary dismissal in a post-

---

[1] Zepeda's opening appellate brief appeared to assert two independent grounds for reversal of the summary dismissal: (1) evidence of material facts not previously presented (a letter); and (2) ineffective assistance of counsel. However, Zepeda later clarified he was only asserting a claim of ineffective assistance of counsel.

conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010).

To prevail on an ineffective assistance of counsel claim, the petitioner must show that his defense attorney's performance was deficient, and ordinarily the petitioner must also show that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

For purposes of this appeal we will assume that Zepeda's attorney performed deficiently when he refused to file a motion for withdrawal of the guilty plea upon Zepeda's request. The issues that remain center upon the prejudice prong of the *Strickland* test.

Zepeda asserts that his claim comes within an exception to the *Strickland* rule requiring that a petitioner demonstrate prejudice stemming from the attorney's deficiency. In limited circumstances, prejudice from ineffective assistance may be presumed. *See United States v. Cronic*, 466 U.S. 648, 658-62 (1984), *Florida v. Nixon*, 543 U.S. 175, 190 (2004). In *Cronic*, the United States Supreme Court explained that prejudice may be presumed in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. The Court articulated three such circumstances: (1) where there is a "complete denial" of counsel at a critical stage of trial; (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." *Id.* at 658-60. *See also Bell v. Cone*, 535 U.S. 685, 686 (2002); *Workman v. State*, 144 Idaho 518, 525-26, 164 P.3d 798, 805-06 (2007).

One such circumstance where prejudice is presumed occurs when defense counsel fails to file a notice of appeal after the defendant so requests. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). *See also Goodwin*, 138 Idaho at 272, 61 P.3d at 629; *Ricca v. State*, 124 Idaho 894, 898,

4

865 P.2d 985, 989 (Ct. App. 1993). In *Flores-Ortega*, the Supreme Court reasoned that the denial of the entire appellate process was "even more serious" than other situations where counsel was present, but ineffective, and that the usual presumption of the reliability of the proceedings was inapplicable because the court cannot "accord any presumption of reliability to judicial proceedings that never took place." *Id.* at 483 (citations and quotation marks omitted). Zepeda asks this Court to extend the holding of *Flores-Ortega* regarding counsel's failure to file a notice of appeal to his circumstance in which he alleges counsel failed to file a motion to withdraw his guilty plea after a request. Whether prejudice may be presumed in this situation is a matter of first impression.

We are not persuaded that the presumption of prejudice authorized in *Cronic* and applied in *Flores-Ortega* applies to a defense attorney's failure to file a motion to withdraw a guilty plea. The Supreme Court observed in *Nixon* that the *Cronic* exception is a narrow one, and that *Cronic* itself "illustrated just how infrequently the 'surrounding circumstances [will] justify a presumption of ineffectiveness.'" *Nixon*, 543 U.S. at 190 (quoting *Cronic*, 466 U.S. at 662) (alteration in original). In *Cronic*, the Court reversed a circuit court decision that had presumed prejudice in the performance of an inexperienced, underprepared attorney in a complex mail fraud trial. *Cronic*, 466 U.S. 648. Similarly, in *Cone*, 535 U.S. 685, the Supreme Court found error in the lower court's presumption of prejudice where defense counsel decided not to present mitigating evidence and to forgo closing arguments at sentencing. Likewise, in *Nixon*, 543 U.S. 175, the Court refused to presume prejudice from defense counsel's concession of guilt in a capital case. In *Cronic*, *Cone*, and *Nixon*, the Supreme Court held that that the defendant must demonstrate prejudice in accordance with *Strickland*.

Idaho courts have similarly demonstrated the narrowness of the *Cronic* exception, requiring that actual prejudice be demonstrated in a variety of circumstances. *See Workman*, 144 Idaho at 527, 164 P.3d at 807 (declining to apply presumption to a claim that attorney abandoned client by allowing a guilty plea while client was under the influence of a psychotropic drug, by missing the deadline for a Rule 35 motion, and by failing to correct the district court's apparent impression that it was following the plea bargain by imposing two fixed life sentences); *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000) (declining to apply presumption to a claim of ineffective assistance of counsel for attorney's decision to enter into evidentiary stipulations); *Hayes*, 146 Idaho at 356, 195 P.3d at 715 (declining to apply presumption to a claim that counsel

did not correct defendant's mistaken understanding of the consequences of a guilty plea); *Mintun v. State*, 144 Idaho 656, 659-60, 168 P.3d 40, 43-44 (Ct. App. 2007) (declining to apply presumption to a claim that appellate counsel was ineffective for not raising specific issues requested by the appellant and subsequently withdrawing mid-appeal); *Boman v. State*, 129 Idaho 520, 525-26, 927 P.2d 910, 915-16 (Ct. App. 1996) (declining to apply presumption to a claim that counsel was denied during a lineup). *See also Murillo v. State*, 144 Idaho 449, 454, 163 P.3d 238, 243 (Ct. App. 2007) (concluding presumption does not apply in every situation where counsel's deficiencies deprive the defendant of a constitutionally protected right). *But cf. State v. Creech*, 109 Idaho 592, 602-03, 710 P.2d 502, 512-13 (1985) (holding lack of any meaningful opportunity for counsel to discuss guilty plea with client demonstrates lack of counsel at a critical stage and would merit application of presumption of prejudice).

Thus, rather than being a broad prophylactic measure, the presumption of prejudice generally is employed only to address "circumstances that are so likely to prejudice the accused that the cost of litigating their effect is unjustified." *Cronic*, 466 U.S. at 658. For example, in a situation where defense counsel fails to file a notice of appeal, the parties would have to pre-litigate the entire appellate process, and the trial court would have to weigh the arguments and consider whether there was a reasonable probability of success before deciding whether the defendant was prejudiced by defense counsel's failure to file a notice of appeal. *E.g., Flores-Ortega*, 528 U.S. 470. Such consideration by the trial court would often include not only a reconsideration of issues already finally decided by that court, but also predictions of how the appellate court would decide all the issues to be raised on appeal, taking into account any possibility for changes or adjustments in existing law.

Conversely, the cost of determining whether an attorney's failure to file a motion to withdraw a guilty plea prejudiced the defendant is limited in scope and is akin to other ineffective assistance claims for deficiencies such as failure to file a suppression motion, cross-examine a witness, object, or present certain evidence. The parties would not need to pre-litigate lengthy and complex proceedings such as an entire trial or appeal before the trial court could conclude whether the defendant was prejudiced. The trial court would need only decide a narrow and discrete issue--the likely merit of a motion to withdraw the plea--in order to decide whether the petitioner has demonstrated prejudice. *See Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Boman*, 129 Idaho at 526, 927 P.2d at 916. That determination, in most cases, will be

6

made by the same judge who would have ruled on a motion to withdraw the plea had it been filed in the criminal case, *see* I.C. § 19-4907(a), I.R.C.P. 40(d)(1)(I)(ii), and therefore does not lead to the kind of duplication of efforts that would be required for the demonstration of prejudice from counsel's failure to file an appeal. Neither the expense and inefficiency of litigating whether prejudice occurred, nor the difficulty in ascertaining actual prejudice, is so high in this circumstance as to justify a presumption of prejudice. Accordingly, we hold that a petitioner asserting a claim that defense counsel was ineffective for failing to file a motion to withdraw a guilty plea must demonstrate both that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by the deficiency in accordance with *Strickland*.

We proceed, therefore, to the next issue--whether the district court here correctly concluded that Zepeda had not made a prima facie showing of prejudice sufficient to survive the State's motion for summary dismissal. Where a claim of ineffective assistance is predicated on counsel's failure to file a motion, a conclusion that the motion would not have been successful generally precludes a finding of prejudice. *See Boman*, 129 Idaho at 526, 927 P.2d at 916; *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993). Standards applicable to motions to withdraw pleas are set forth in Idaho Criminal Rule 33(c), which states: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." Whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court, and such discretion should be liberally applied. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). Nevertheless, the defendant bears the burden of showing that withdrawal of the plea should be allowed. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). The failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Id.* When the motion is made before sentencing, a defendant need only show a "just reason" to withdraw the plea, *Arthur*, 145 Idaho at 222, 177 P.3d at 969; *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988), but "withdrawal is not an automatic right and more substantial reasons than just asserting legal innocence must be given." *Dopp*, 124 Idaho at 486, 861 P.2d at 56.

The fact that Zepeda entered an *Alford* plea in which he did not admit factual guilt does not diminish his burden to show a just reason for withdrawal of the plea. The Idaho Supreme Court has explained:

> Federal cases hold generally that a defendant who enters an *Alford*-type plea is not "willy nilly" entitled to withdraw it, as this would render inconsequent the guilty plea. . . . The utility of *Alford* pleas will be severely reduced if defendants are permitted to withdraw them before sentencing for no additional reason. Such a holding might well lead to a reluctance on the part of prosecutors and judges to agree to the acceptance of such pleas. This would impair judicial efficiency by eliminating a useful procedure for the resolution of criminal cases; it would also work to the detriment of defendants. We therefore hold that a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt . . . .

*Dopp*, 124 Idaho at 486, 861 P.2d at 56. *See also State v. Akin*, 139 Idaho 160, 162-63, 75 P.3d 214, 216-17 (Ct. App. 2003).

Zepeda asserts that he presented a more substantial reason than just his own assertion of innocence, but "had a defense and a witness to testify to that defense to present to a jury." Zepeda's argument fails for two reasons. First, he did not support this assertion with any admissible evidence. His affidavit in support of his petition asserts only that he asked his attorney to file a motion to withdraw the plea; it does not present any facts to show good cause for withdrawal of the plea. Zepeda did submit a letter from Brian Card, in which Card asserts that he told Zepeda that the vehicle was "insured, registered, and one-hundred percent legal." The letter is unsworn, however, and thus does not constitute admissible evidence opposing the State's dismissal motion.

Second, even if Zepeda's claimed defense had been supported with admissible evidence, he did not demonstrate why it was not fully considered and weighed before he pleaded guilty. As this Court has said:

> [A] guilty plea is no . . . trifle, but a grave and solemn act which is accepted only with care and discernment. It follows that a court, in addressing a withdrawal motion, must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original pleading.

*State v. Rodriguez*, 118 Idaho 957, 961, 801 P.2d 1308, 1312 (Ct. App. 1990) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)) (internal quotation marks and citations omitted).

8

To support his assertion of innocence, Zepeda has offered only cumulative and unsworn evidence of alleged facts that were known and available to him at the time he entered his guilty plea. We consequently find no error in the district court's determination that Zepeda has shown no just cause for the withdrawal of his guilty plea and hence no reasonable probability that a motion to withdraw the plea would have been granted. It follows that he has not met the prejudice prong for his claim of ineffective assistance of counsel.

## III.

## CONCLUSION

Zepeda has not demonstrated any prejudice from his defense attorney's failure to file a motion to withdraw Zepeda's guilty plea. Accordingly, we affirm the district court's judgment summarily dismissing the petition for post-conviction relief.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**