**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 42351**

| | | |
|---|---|---|
| **VALENTINO ALEX HERRERA,** | ) | **2016 Unpublished Opinion No. 447** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: March 25, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Silvey Law Office, Ltd.; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Valentino Alex Herrera appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In the underlying criminal action, Herrera was charged with battery on a peace officer and the persistent violator sentencing enhancement. Herrera and the victim, a former sheriff's deputy and bailiff, were both incarcerated for unrelated criminal charges. While the victim was wiping down tables after breakfast, he moved Herrera's coffee cup, angering Herrera, who commented to another inmate that the victim had previously "put [Herrera] in prison" and "cost [Herrera] five years." Herrera threw hot coffee in the victim's face, hit him in the face with the coffee mug, punched him in the face, and gouged his eye. During the altercation, Herrera called the victim a "narc cop." A jury found Herrera guilty of the charges and he appealed. Herrera's

judgment of conviction was affirmed by this Court in *State v. Herrera*, 152 Idaho 24, 266 P.3d 499 (Ct. App. 2011).

Herrera filed a pro se petition for post-conviction relief, alleging numerous claims for relief, including various claims of ineffective assistance of counsel. The district court granted the State's motion for summary disposition and summarily dismissed all of Herrera's claims. Herrera timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d

2

898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's

performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

However, in limited circumstances, prejudice may be presumed when the "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Zepeda v. State*, 152 Idaho 710, 713, 274 P.3d 11, 14 (Ct. App. 2012) (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)). The United States Supreme Court has identified those circumstances as the following: (1) where there is a "complete denial" of counsel at a critical stage of trial; (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." *Id.* (quoting *Cronic*, 466 U.S. at 658-60).

## III.

## ANALYSIS

### A.  Ineffective Assistance of Pretrial Counsel and Denial of Counsel

Herrera argues that the district court erred in summarily dismissing his claim that he was denied effective assistance of counsel at a critical stage of his criminal proceedings, specifically, the initial appearance and district court arraignment. His petition asserts that he did not have counsel until his preliminary hearing. Then, in one of his sworn affidavits, he more specifically contends that he was "present, without counsel, for the first district court arraignment," at which point the court scheduled the entry of plea.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel during all critical stages of the adversarial proceedings against him or her. *Estrada v. State*, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006) s*ee also United States v. Wade*,

4

388 U.S. 218, 224 (1967). A defendant's right to effective assistance of counsel extends to all critical stages of the prosecution where his or her substantial rights may be affected. *Estrada*, 143 Idaho at 562, 149 P.3d at 837. In determining whether a particular stage is critical, it is necessary to analyze whether potential substantial prejudice to the defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid such prejudice. *Id.* If the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance. *Id.*

One of the circumstances upon which the court must presume prejudice is a situation "where there is a 'complete denial' of counsel at a critical stage of trial." *Zepeda*, 152 Idaho at 713, 274 P.3d at 14. In *Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1405 (2012), the United States Supreme Court stated that "critical stages include arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea." However, the reference to arraignments in the list refers to *Hamilton v. Alabama*, 368 U.S. 52 (1961). In *Hamilton*, the United States Supreme Court determined an arraignment in a capital case under Alabama law is a critical state of criminal proceedings, because it is the point at which a defendant must make a claim of "defense of insanity" or the defense is deemed waived, only recoverable upon discretion of a trial judge. Therefore, the Court found that "whatever may be the function and importance of arraignment in other jurisdictions . . . in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted." *Hamilton*, 368 U.S. at 54.

The type of arraignment addressed in *Hamilton* is distinguishable from the nature of the initial appearance and arraignment at issue in this case. Unlike *Hamilton*, where events in an Alabama capital case proceeding could affect the whole trial, the events occurring in Herrera's initial appearance and arraignment are unlikely to affect the whole trial. Regarding an initial appearance, I.C.R. 5(f) provides that at a defendant's initial appearance after arrest, the magistrate shall advise the defendant of his or her rights including the right to remain silent, to bail, to a preliminary hearing, and to other information regarding the charged offense. The magistrate must also advise the defendant of his or her right to counsel, including the right to request counsel at any stage of the proceeding and to consult with counsel. Regarding an arraignment, I.C.R. 10(b) provides that the defendant is entitled to appear with counsel at an arraignment hearing, or the proceedings may be delayed for a reasonable period of time in order

5

for counsel to be retained or appointed. In addition, I.C.R. 10(c) provides that a criminal defendant must be allowed a reasonable time in which to answer the indictment or information and to enter a plea. These criminal rules do not raise the same concerns addressed in *Hamilton*, where the absence of counsel during an arraignment proceeding would have deleterious effects on a defendant's ability to raise a defense. Instead, these rules protect a criminal defendant's right to appointed counsel and to appear at the proceedings with counsel. And, the rules allow a defendant to delay proceedings so that counsel may be appointed or allowed to appear at the proceeding. Because the initial appearance and arraignment before the district court is not equivalent to the arraignment in *Hamilton*, we conclude that the proceedings here are not a critical stage of trial.

Further, even if a defendant were to appear without counsel during an initial appearance or arraignment, this does not equate to a complete denial of counsel. Under the applicable criminal rules, the defendant has the ability to both request the appointment of counsel and appear with counsel, or request a delay until counsel can appear. Accordingly, we hold that prejudice will not be presumed when counsel does not appear at these proceedings, and the *Strickland* analysis is the appropriate standard for determining whether counsel was ineffective at these stages of a criminal proceeding. Thus, our inquiry turns to whether Herrera's petition alleged admissible evidence to make out a prima facie case of ineffective assistance of counsel.

As to Herrera's claim that he was denied counsel, the district court concluded that the record contradicted Herrera's claim that he was without counsel. The record shows Herrera was appointed a public defender at his initial appearance, as is consistent with the requirements of I.C.R. 5. While it appears Herrera was eventually represented by a conflict public defender at his preliminary hearing a few weeks later, the record does not support the claim he was denied the assistance of counsel at any critical stage of the proceeding. And, as to his claim that he was prejudiced because the public defender did not appear at his arraignment hearing, even if we were to presume deficiency, Herrera has not established prejudice. The record, as supplied by Herrera, shows the district court continued the arraignment hearing so Herrera would have an adequate opportunity to consult with counsel prior to the entry of his plea. Herrera has not alleged actual prejudice suffered from the absence of counsel at the hearing, or that the absence of counsel somehow impacted the outcome of his jury trial. Therefore, the district court did not err in summarily dismissing this claim.

6

**B.      Ineffective Assistance of Trial Counsel**

Herrera also argues the district court erred in dismissing his claims of ineffective assistance of trial counsel.

**1.      Failure to move to suppress**

Herrera argues the district court erred in dismissing his claim regarding trial counsel's failure to file a motion to suppress to exclude Herrera's statements. Herrera asserts the statements he made during the investigation of the incident were obtained in violation of his *Miranda*[1] rights, and that he was prejudiced when the State used those statements against him during the jury trial.

In a post-conviction petition, to make a prima facie showing of ineffective assistance where the alleged deficiency is counsel's failure to move to suppress evidence, the petitioner must allege facts that, if true, could have resulted in the court's granting of the motion. *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993). "If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of its pursuit." *Id.* at 158-59, 857 P.2d at 637-38. On the other hand, where the record supports finding that a motion to suppress "may well have succeeded and altered the outcome," summary dismissal is not appropriate. *Hoffman v. State*, 153 Idaho 898, 905, 277 P.3d 1050, 1057 (Ct. App. 2012).

As to Herrera's claim that counsel's performance was deficient, the district court concluded that Herrera did not provide admissible evidence to show a reasonable probability that the suppression motion would have been granted. It is undisputed that Herrera was placed in a holding cell immediately after the incident and that he was later taken to the booking area of the jail. It is also undisputed that Deputy Pethel questioned Herrera about the incident, but did not first *Mirandize* Herrera before questioning him. However, it is disputed whether Herrera was handcuffed during this time. Herrera's allegation that he was handcuffed during the questioning is a fact within his personal knowledge, to which he attested through sworn documents, and thus constitutes admissible evidence. *See Baldwin v. State*, 145 Idaho 148, 155, 177 P.3d 362, 369 (2008). Moreover, as a disputed fact, this allegation must be construed in a light most favorable to Herrera. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Therefore, we must consider

---

[1]      *See Miranda v. Arizona*, 384 U.S. 436 (1966).

whether the admissible evidence within Herrera's petition was sufficient to show a reasonable probability that a motion to suppress could have been successful.

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda*, 384 U.S. at 478. This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

Police questioning of an already incarcerated prisoner is not enough, by itself, to establish that the prisoner was in custody for purposes of *Miranda*. *Howes v. Fields*, ___ U.S. ___, ___, 132 S. Ct. 1181, 1188 (2012). A court must still consider all of the circumstances surrounding the interrogation. *Id.* at 1189. Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *State v. James*, 148 Idaho 574, 577-78, 225 P.3d 1169, 1172-73 (2010). The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

In viewing the post-conviction petition allegations in a light most favorable to Herrera, we conclude that he has provided sufficient evidence to establish a genuine issue of material fact as to whether a suppression motion could have been successful. Based on the facts in the record, the allegations in Herrera's petition, and the status of the law, a court could reasonably conclude,

8

based upon the totality of the circumstances surrounding the questioning, that Herrera was in custody and his statements were obtained in violation of *Miranda*. Thus, Herrera has raised a genuine issue of material fact as to the deficiency prong of *Strickland*. However, to succeed on this claim, Herrera must also establish prejudice.

As to Herrera's claim that he was prejudiced by counsel's ineffective assistance, the district court concluded that Herrera did not provide admissible evidence to show a reasonable probability that the result of the trial would have been different if the motion had been granted. Herrera argues that he was prejudiced by counsel's failure because the State used Herrera's nonwarned statements about the motivation for the attack to enhance the charged offense to a felony. However, even if a motion to suppress would have prevented Deputy Pethel from testifying about Herrera's statements, this decision would not have limited the testimony of the other witnesses or impacted the State's ability to charge Herrera with the felony offense. In fact, the record indicates that another witness testified to Herrera's animosity toward the victim, establishing the same motivation for the attack to which Deputy Pethel testified. Thus, the district court did not err in concluding that Herrera failed to allege sufficient evidence to show a reasonable probability that the result of the trial would have been different. Therefore, the district court did not err in summarily dismissing this claim.

### 2. Failure to seek continuance

Herrera also argues the district court erred in summarily dismissing his claim that trial counsel was ineffective for failing to request a continuance of the jury trial. He contends that counsel's failure prevented him from understanding the implications of the persistent violator sentencing enhancement and that he did not have sufficient time to understand and consider the State's plea offer, which would have resulted in a shorter term of imprisonment by not subjecting him to the persistent violator enhancement. Thus, Herrera argues he was prejudiced because he rejected the plea offer and received a harsher sentence than he would have received if he had taken the plea.

As discussed in the previous section, to make a prima facie showing of deficiency as to counsel's failure to file a motion, a petitioner must allege admissible facts that could have resulted in the court's granting of the motion. *Huck*, 124 Idaho at 158, 857 P.2d at 637. As to Herrera's claim that counsel was deficient for failing to seek a continuance, the district court concluded that Herrera did not provide admissible evidence to show that a continuance motion

would have been granted. The record indicates that although the State filed the persistent violator sentencing enhancement against Herrera three months prior to trial, he was not arraigned on the enhancement until the morning of trial.[2] Generally, the decision to grant or deny a motion for continuance is within the discretion of the judge. *State v. Wood*, 132 Idaho 88, 106, 967 P.2d 702, 720 (1998). However, a defendant must be allowed a reasonable time (not less than one day) to answer an indictment if he or she requires additional time. I.C. § 19-1516; I.C.R. 10(c).

Herrera's statements in his sworn post-conviction affidavit allege that he did not understand the possible penalty that could be imposed because of the enhancement. However, those statements conflict with other facts in the record. On the morning of the trial, the court explained to Herrera the nature of the charges against him, including the sentence enhancement, and set forth the potential penalty; Herrera ultimately affirmed his understanding of both before entering his plea of not guilty. Herrera's other assertion is that he required additional time to consider the plea, thus counsel should have moved for a continuance. However, he does not support this bare and conclusory allegation with admissible evidence that counsel knew or should have known that Herrera required additional time to consider the plea. In fact, evidence in the record contradicts this claim as well, as Herrera himself admits to conversing with counsel regarding the plea offer on numerous occasions. Thus, the district court properly concluded that Herrera failed to make a prima facie case showing counsel was deficient.

Moreover, as to the prejudice prong of *Strickland*, the district court concluded that Herrera did not provide admissible evidence to show a reasonable probability that the result of the proceedings would have been different. Herrera's alleged prejudice is his decision not to accept the State's plea offer, but the record does not support either his alleged lack of understanding of the persistent violator enhancement or his claim he had insufficient time to consider the merits of the plea offer. On direct appeal, we addressed Herrera's claim that he did not have adequate opportunity to understand the sentencing enhancement or the plea offer. We held Herrera's own statements during the sentencing hearing "establish that Herrera did, in fact, have an opportunity to engage in plea negotiations after learning that the State would file or had filed the persistent violator enhancement. Thus, the factual basis for his claim of prejudice is

---

[2] Herrera's attorney filed a motion to dismiss the persistent violator enhancement on the morning of trial. On direct appeal, we upheld the district court's denial of the motion to dismiss the sentencing enhancement. *State v. Herrera*, 152 Idaho 24, 30-31, 266 P.3d 499, 505-506 (Ct. App. 2011).

disproven by the record." *Herrera*, 152 Idaho at 31, 266 P.3d at 506. The record in this case does not change our earlier analysis on this issue. Therefore, the district court did not err in summarily dismissing this claim.

### 3.     Failure to impeach witnesses

Next, Herrera argues that the district court erred in summarily dismissing his claim that trial counsel was ineffective for failing to obtain a transcript of the preliminary hearing transcript for use during trial. The district court dismissed the claim as bare and conclusory. The court also pointed out that Herrera did not establish how use of the transcript would have impacted the outcome of the trial.

In his petition, Herrera did not allege facts showing how trial counsel should have utilized the transcript or to support finding that the transcript would have been admissible. And, just as the district court found, the petition contained no statement as to how the outcome of the case would have differed had trial counsel obtained and used the transcript. Moreover, on appeal, Herrera fails to demonstrate how the district court erred in its decision. In fact, for the first time on appeal, Herrera refines his post-conviction argument, arguing that counsel was ineffective for failing to use the transcript to impeach the victim at trial. However, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Because this argument was not before the district court in the motion for summary dismissal, we need not address its merits. Thus, we conclude that the district court did not err in summarily dismissing this claim.

### 4.     Failure to change venue

Herrera also argues that the district court erred in summarily dismissing his claim that counsel was ineffective for failing to file a motion to change the venue of his trial. In his petition, Herrera argued that he was denied a fair and impartial trial because the victim, a former court bailiff, was known to all the judges, the prosecutor, law enforcement, and other courthouse employees. The district court concluded that Herrera did not provide admissible evidence showing that such a motion would have been granted or that he was denied a fair trial.

The decision to grant or deny a motion to change venue is within the discretion of the judge. *State v. Hadden*, 152 Idaho 371, 376, 271 P.3d 1227, 1232 (Ct. App. 2012). The court shall grant such motion "if the court is satisfied that a fair and impartial trial cannot be had in the county where the case is pending." I.C.R. 21(a). In post-conviction proceedings, "the issue of

11

whether a change of venue should be requested is a matter of trial strategy and tactical choice, not subject to review as a claim of ineffective assistance of counsel in the absence of proof of inadequate preparation or ignorance on counsel's part." *Grant v. State*, 156 Idaho 598, 606, 329 P.3d 380, 388 (Ct. App. 2014). In *Grant*, the appellant claimed counsel was ineffective for failing to move for a change of venue because "the victim's mother 'was the secretary of the local police chief' and because of 'how close-knit the law enforcement community is.'" *Id.* However, this Court held that the petitioner in *Grant* failed to show prejudice from the alleged community connection as well as the likelihood of success on such a motion. *Id.*

Similar to *Grant*, Herrera has not alleged sufficient evidence to establish prejudice from the alleged connection between the victim and the legal proceeding. Additionally, Herrera has not alleged facts sufficient to show a likelihood of success if counsel had filed the motion on his behalf. Thus, the district court did not err in summarily dismissing this claim.

### 5. Failure to prepare for trial

Finally, Herrera argues the district court erred in summarily dismissing his claim that trial counsel failed to properly prepare for trial. Herrera maintains that his counsel failed to properly cross-examine witnesses, failed to adequately impeach the State's witnesses, and failed to utilize witnesses to corroborate Herrera's defense. The district court dismissed this claim as bare and conclusory because Herrera did not allege sufficient facts to show that counsel's conduct was not a strategic decision or that a change in conduct would have impacted the outcome of the jury trial. On appeal, Herrera does not appear to argue the propriety of the district court's decision, rather, he generally reasserts a number of the claims presented in the post-conviction petition.

Herrera has not shown that trial counsel's conduct before and during trial amounts to deficient performance. Nor has he shown that he was prejudiced even if counsel's conduct fell below the *Strickland* standard for deficiency. In the absence of evidence to the contrary, we apply "a strong presumption that counsel's performance fell within the wide range of professional assistance." *State v. Shackelford*, 150 Idaho 355, 383, 247 P.3d 582, 610 (2010); *State v. Hairston*, 133 Idaho 496, 511, 988 P.2d 1170, 1185 (1999). Based on the record presented to the district court, we cannot conclude the district court erred in summarily dismissing this post-conviction claim.

**C.      Cumulative Error**

Finally, Herrera contends the effect of the ineffective assistance of counsel allegations addressed above amounts to cumulative error that warrants relief. A necessary predicate to application of the doctrine is a finding of error in the first instance. *Stevens v. State*, 156 Idaho 396, 421, 327 P.3d 372, 397 (Ct. App. 2013); *Boman v. State*, 129 Idaho 520, 527, 927 P.2d 910, 917 (Ct. App. 1996). Because Herrera has failed to make a necessary showing he is entitled to relief on any of his ineffective assistance of counsel claims, the doctrine of cumulative error has no applicability in this case.

## IV.
## CONCLUSION

For the reasons set forth above, we affirm the district court's judgment summarily dismissing Herrera's petition for post-conviction relief.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.